```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

**FRANKIE LEE TILLMAN, #325966,**

        **Petitioner,**

**v.**                                                          **2:05CV631**

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

        **Respondent.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

#### A.  Background

On July 18, 2003, in the Circuit Court for the City of Alexandria, Virginia, petitioner was convicted of statutory burglary and felony petit larceny. Petitioner was sentenced to serve five years and four months imprisonment. Petitioner appealed his convictions in the Virginia Court of Appeals, but on February 11, 2004, the appeal was denied by a single judge, and on April 21, 2004, the appeal was denied by a three-judge panel. Petitioner then appealed to the Supreme Court of Virginia, but on October 25, 2004, the appeal was refused, and a petition for rehearing was refused on January 26, 2005.

On October 14, 2005, petitioner filed a petition for writ of habeas corpus in federal court, and on January 12, 2006, respondent filed a motion to dismiss and Rule 5 answer. Respondent moved for dismissal of the petition based on the fact that the petition contained both

exhausted and unexhausted claims. On January 18, 2006, petitioner filed a brief in opposition to the motion to dismiss and a motion to amend his petition to remove the unexhausted claim of ineffective assistance of counsel. On February 7, 2006, the motion to amend was granted, and respondent was directed to file an answer addressing the three remaining claims. On March 8, 2006, respondent filed a motion to dismiss and Rule 5 answer addressing petitioner's exhausted claims. This matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner alleges, in his three remaining claims, that his Fifth, Sixth and Fourteenth Amendment rights were violated. However, he only asserts that the evidence at trial was insufficient to support a conviction for statutory burglary, a violation of the due process clause of the Fourteenth Amendment.

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must

construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422

3

(1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see

also <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982); <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Satcher v. Pruett</u>, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

### D. The Evidence at Trial Was Sufficient to Support a Conviction.

The standard of review in a habeas corpus proceeding is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. <u>See</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 324 (1979). In <u>Wright v. West</u>, 505 U.S. 277 (1992), the Supreme Court held that:

> In <u>Jackson</u>, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review. We said that "<u>all of the evidence</u> is to be considered in the light most favorable to the prosecution," that the prosecution need not affirmatively "rule out every hypothesis except that of guilt," and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record-- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

<u>Id.</u> at 207-97 (citations omitted). In the present case the Court has fully reviewed the trial transcripts and has determined that the evidence, when viewed in the light most favorable to the prosecution, was sufficient to convict petitioner.

Petitioner argues for the application of hindsight to what were issues of weight and credibility, properly resolved by the trier of fact. In order to convict petitioner of statutory burglary, the Commonwealth was required to prove that petitioner broke into and entered

5

the home with the intent to commit larceny. <u>Fields v. Commonwealth</u>, 207 S.E.2d 822, 823 (Va. 1974). Breaking involves entry against the will of the occupier of the house, effected through the use of physical force, though it may be slight, such as pushing open a door or turning a key. <u>Robertson v. Commonwealth</u>, 525 S.E.2d 640, 644 (Va. 2000). The entry element is satisfied "when any part of the body enters a dwelling." <u>Franklin v. Commonwealth</u>, 508 S.E.2d 362, 364 (Va. 1998). Under Virginia law, exclusive possession of stolen property shortly after the theft gives rise to an inference that the possessor is the thief. <u>Cannady v. Commonwealth</u>, 172 S.E.2d 780, 781 (Va. 1970). When the evidence is viewed in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of statutory burglary beyond a reasonable doubt.

On March 2, 2003, Melanie Larrimore was moving into a townhouse that she had been renovating on North Patrick Street in Alexandria, Virginia. (Tr. at 13.) Adam Wagner and some of Larrimore's family members from North Carolina were helping her move her belongings from her old residence across the street to the townhouse. (Tr. at 14.) At approximately 3:30 p.m., Larrimore returned to her old residence to help her relatives pack their car to return to their home in North Carolina. (Tr. at 15.) When she left the townhouse, boxes containing her belongings at the new residence were pushed up against the wall and the "door was off the hinges to allow for furniture to be moved in." (Tr. at 15.) Wagner and Ted Tsouras remained at the townhouse while Larrimore went across the street as they were "going to put the door back on its hinges" and start sanding the floors. (Tr. at 31.) However, Wagner remembered that he had loaned his cell phone to Larrimore's

6

nephew, so he also went across the street to retrieve the phone. (Tr. at 31-32.) Tsouras testified that he remained at the townhouse while everyone else was across the street, standing in the "open doorway" and that no one came into the house during that time. (Tr. at 55.)

Wagner was advised by Larrimore's nephew that the cell phone was left on the table in the living room of the townhouse. (Tr. at 32.) At that point, Wagner returned to the townhouse, made sure the phone was on the table, and then he and Tsouras put the front door back on its hinges and went upstairs to sand floors. (Tr. at 34.)

At approximately 3:35 p.m., Larrimore returned to the townhouse, closed the front door, and went upstairs to help sand the floors. (Tr. at 18-19.) At 6:00 p.m., they all went back downstairs, at which time, Wagner "noticed that his phone was missing," and Larrimore's camera was missing. (Tr. at 19.) Larrimore then noticed that the lock on the front door was not in the same position as it was when she went upstairs, so she asked Wagner and Tsouras if either of them had been outside. (Tr. at 21.) All of the other doors and windows were still closed when she came downstairs. (Tr. at 21.)

Wagner testified that he contacted his cell phone service provider and requested a record of the calls made from his phone. When he received the information, he learned that there had been a call placed on March 2, 2003, at 3:42 p.m., to a number unknown to him. (Tr. at 40-41.) There were several other calls made from the phone on March 3, 2003, that were numbers also unknown to Wagner. (Tr. at 41.)

The unknown number that was placed at 3:42 p.m. belonged to Alphonso Phillips, a friend of petitioner. (Tr. at 68.) Phillips

testified that in early March, 2003, he received a call from petitioner, offering to sell him a cell phone for $10.00. (Tr. at 69.)

Detective Bartholomew Bailey testified that during an interview with petitioner, petitioner initially denied any knowledge of the cell phone. (Tr. at 75.) Bailey stated that petitioner "came around" and said that he bought the phone from a "crackhead for $15," and then changed his story again, saying that he found the phone in an alley. (Tr. at 75, 78.) Petitioner then led Bailey to the cell phone's location on the roof of a building. (Tr. at 75.)

The essential elements of statutory burglary are satisfied by the testimony at trial. Since the doors and windows of the residence were closed and the phone was located fifteen feet inside the residence, there is ample evidence to support the finding that a "breaking" and "entering" occurred when the phone was taken. (Tr. 15-16, 31-35.) Petitioner would have had to open one of the windows or doors and enter the residence in order to take the phone. In addition, petitioner's identity was established by his possession of the phone and the calls made from the stolen phone to his acquaintance only moments after the theft. (Tr. at 68, 75.) Based on the testimony, the Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that petitioner was guilty of statutory burglary. The claim is without merit and should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to

demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140

(1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                /s/
                              **James E. Bradberry**
                              **United States Magistrate Judge**

**Norfolk, Virginia**

    **April 18**, **2006**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

Frankie Lee Tillman, #325966, <u>pro se</u>
Cold Spring Work Center
192 Spitler Circle
Greenville, VA  24440


Josephine F. Whalen, Esquire
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA  23219


                              Elizabeth H. Paret, Clerk

                              By _____
                                    Deputy Clerk

_____, 2006